UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMMY VON DER AHE and THOMAS VON DER AHE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2526-B |
| 1-800-PACK-RAT, LLC and ZIPPY SHELL INC., | § § § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants 1-800-Pack-Rat, LLC and Zippy Shell Inc. (collectively, Zippy Shell)'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 12). For the following reasons, the motion is **GRANTED.**

**I.**

**BACKGROUND**

This case is about a moving contract gone wrong. The Court has detailed Plaintiffs Thomas Von Der Ahe (Tommy) and his mother Emmy Von Der Ahe (Mrs. Von Der Ahe) (collectively, the Von Der Ahes)' factual allegations in its prior Memorandum Opinion and Order and does not repeat them here. *See generally Von Der Ahe v. 1-800-Pack-Rat, LLC*, 2022 WL 1018398, at *1–2 (N.D. Tex. Apr. 5, 2022). Relevant to the present motion, after the Court granted Zippy Shell's motion to dismiss all claims in the Von Der Ahes' original petition[1] as either preempted by the Carmack

---

[1] The Von Der Ahes' original petition asserted state-law claims for breach of contract, common-law fraud, negligent misrepresentation, fraud by non-disclosure, conversion, Texas Deceptive Trade Practices Act (DTPA) violations, breach of the duty of good faith, and breach of the prompt payment statute. Doc. 1-2, Pls.' Orig. Pet., ¶¶ 29–80.

Amendment or insufficiently pleaded, the Von Der Ahes filed an amended complaint asserting a claim under the Carmack Amendment and three state law claims: (1) violation of the DTPA, (2) common law breach of the duty of good faith, and (3) deceptive practices under the Texas Insurance Code. Doc. 10, Am. Compl., ¶¶ 29–78. Zippy Shell filed the instant motion to dismiss the state law claims.[2] Doc. 12, Defs.' Mot. Dismiss. The Motion has been fully briefed and is ripe for review. The Court considers it below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). But the court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[2]Zippy Shell does not move to dismiss the Von Der Ahes' Carmack Amendment claim. *See* Doc. 12, Defs.' Mot. Dismiss.

liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

## III.

## ANALYSIS

The Von Der Ahes plead the following Texas-law claims: (1) violation of the DTPA, (2) common law breach of the duty of good faith, and (3) deceptive practices under the Texas Insurance Code. Doc. 10, Am. Compl., ¶¶ 29–78. Zippy Shell moves to dismiss each of these as preempted by the Carmack Amendment. *See* Doc. 12, Defs.' Mot. Dismiss, 6. The Court considers each in turn.

A.    *The DTPA Claim Is Preempted*

The Von Der Ahes bring a DTPA claim based on Zippy Shell's alleged misrepresentations (1) during the storage phase of the parties' relationship, and (2) in a separate contents-protection policy insurance contract (the Contents Protection Plan). *See* Doc. 10, Am. Compl., ¶¶ 37–49. The Von Der Ahes assert that these claims are based on "separate harms" and not preempted. Doc. 13, Pls.' Resp., 1, 6. The Court finds that a DTPA claim on these bases is preempted by the Carmack Amendment.[3]

---

[3] In its first Memorandum Opinion and Order, the Court granted leave to re-plead DTPA claims based on false, misleading, or deceptive practices occurring prior to the contract for interstate shipment of goods. *See Von Der Ahe*, 2022 WL 1018398, at *6–7 (citing *Brown v. Am. Transfer & Storage Co.*, 601 S.W.2d 931, 938 (Tex. 1980)). Zippy Shell argues that *Brown* was decided before the Fifth Circuit's blanket preemption of DTPA claims in *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 307 (5th Cir. 1993), has been disregarded by courts in the Northern District of Texas and the Fifth Circuit, and should be likewise

First: the storage phase. In its first Memorandum Opinion and Order, the Court explained why the Von Der Ahes' claims arising out of the storage phase are preempted by the Carmack Amendment. *Von Der Ahe*, 2022 WL 1018398, at *4–6 (explaining that "the Von Der Ahes' 'fixed and persisting intent . . . at the time of shipment' was an interstate shipment of the goods from Alabama to multiple locations in Texas" and that the latter, intrastate phases of the move, including storage in between the Texas deliveries, were therefore part of the larger interstate shipment). For the same reason, the Court finds that a DTPA claim based on storage-phase misrepresentations is preempted.

Second: the separate Contents Protection Plan contract. "[T]he Carmack Amendment . . . provide[s] the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis omitted). However, some courts have acknowledged situations in which a carrier may be liable to a shipper for "separate harms" that are distinct from the loss or damage to

---

disregarded by this Court. Doc. 12, Defs.' Mot. Dismiss, 10–12; *see, e.g.*, *St. Pierre v. Ward*, 542 F. Supp. 3d 549, 554 (W.D. Tex. 2021) (stating that in deciding whether DTPA claims were preempted by the Carmack Amendment, "[t]he Court is bound by Fifth Circuit law—not Texas state law"); *Franyutti v. Hidden Valley Moving & Storage, Inc.*, 325 F. Supp. 2d 775, 777 n.1 (W.D. Tex. 2004) ("Because [*Brown*] occurred prior to many of the Supreme Court and Fifth Circuit opinions relied upon, [its] holding has limited value."); *Mayflower Transit, Inc. v. Weil, Gotshal & Manges, L.L.P.*, 2000 WL 34479959, at *3 (N.D. Tex. Oct. 18, 2000) ("Although Defendants' reliance on *Brown* is understandable, and though this argument may be logical, this Court must follow federal case law in reaching its decision and the Fifth Circuit's holding in *Moffit* is controlling in this case.").

The Von Der Ahes claim that some of the misrepresentations underlying their DTPA claims are pre-contractual and potentially within the exception identified by *Brown*. Doc. 13, Pls.' Resp., 7–8 (identifying the allegations in Doc. 10, Am. Compl., ¶ 44(a)–(c) as pre-contractual). However, the Court finds that each of these paragraphs, read in context, refers to misrepresentations made in the contract(s) at issue or as part of the contracting process—not to separate pre-contractual conduct. *See* Doc. 10, Am. Compl., ¶ 44(a)–(c). Further, as explained in this Section, the Court finds that no separate injury exists for these allegedly pre-contractual misrepresentations. So, the Court does not decide whether *Brown* might establish an exception to *Moffit*'s holding.

goods. *See Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997) (citing *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997)(recognizing a claim for intentional infliction of emotional distress)). The Fifth Circuit has considered an exception for a plaintiff who "alleges injuries separate and apart from those resulting directly from the loss of shipped property," but has not yet recognized a cause of action under this standard. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382 (5th Cir. 1998)(citing *Rini*, 104 F.3d at 506–07).

Here, the Von Der Ahes seek compensatory damages, "including economic damages, out of pocket damages, cost of mitigation, lost time, and mental anguish damages," as well as punitive damages under the DTPA, attorneys' fees, court costs, and pre- and post-judgment interest, based in part on misrepresentations made in the purportedly separate contract for the Contents Protection Plan. Doc. 10, Am. Compl., ¶¶ 45–49; Doc. 13, Pls.' Resp., 12. Specific to the Contents Protection Plan, they allege that "when Plaintiffs made claims . . . , Defendants refused to provide [the] protection" it represented the policy provided. *Id.* ¶ 45. Zippy Shell argues that all of the Von Der Ahes' pleaded damages—even those arising from the Contents Protection Plan—are directly based on the loss of property shipped in interstate commerce, because *but for* the loss or damage to their goods, the Von Der Ahes would not have a claim under the policy and therefore the DTPA. *See* Doc. 14, Defs.' Reply, 4.

The Court finds that even assuming that the Contents Protection Plan contract was separate from the contract for interstate shipment of goods, the injuries based on that plan are not "separate and apart" from the loss of those goods. *See Morris*, 144 F.3d at 379, 382–83 ("The compensatory damages are for lost wages and emotional suffering incurred by the Morrises as a result of the destruction of their household goods. The punitive damages are to punish Covan for any egregious

conduct in the course of discharging its duties under the shipping contract."); *St. Pierre*, 542 F. Supp. 3d at 555; *Neal v. Allied Van Lines, Inc.*, 2007 WL 831835, at *1 (W.D. Tex. Mar. 13, 2007). Thus, the Von Der Ahes' DTPA claim based upon misrepresentations regarding the Contents Protection Plan is preempted.

Therefore, the Court **DISMISSES WITH PREJUDICE** the Von Der Ahes' Texas DTPA claim.

B.      *The Insurance-Related Claims Are Preempted*

The Von Der Ahes also bring two insurance-related claims based on Zippy Shell's alleged failure to comply with the Contents Protection Plan: one under Texas common law and another under the Texas Insurance Code. Doc. 10, Am. Compl., ¶¶ 50–78. The Court analyzes each claim in turn below and finds them preempted.

1.      Common Law Duty of Good Faith

The Von Der Ahes first allege that the Contents Protection Plan was an "insurance contract" and that Zippy Shell breached the common law duty of good faith that arises from the "special relationship" an insurance contract creates between an insurer and the insured. Doc. 10, Am. Compl., ¶¶ 51–52 (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). Zippy Shell argues that the Von Der Ahes' claim should be dismissed because it relies on a legal conclusion that the Contents Protection Plan is an insurance contract and because the Contents Protection Plan is not a separate insurance contract, but part of the same contract for interstate shipment that is preempted under the Carmack Amendment. Doc. 14, Defs.' Reply, 9; Doc. 12, Defs.' Mot. Dismiss, 17.

Assuming without deciding that the Contents Protection Plan is an insurance contract, the Court finds that this claim based on the common law duty of good faith is preempted because the injury alleged is not separate and apart from the loss or damage to their goods. *See Morris*, 144 F.3d at 382. That is, but for the damage to and loss of goods, the Von Der Ahes would have no cause of action for breach of the duty of good faith based on the Contents Protection Plan. *See id.*

Therefore, the Court **DISMISSES WITH PREJUDICE** the Von Der Ahes' Texas common law duty of good faith claim.

2.    Texas Insurance Code

The Von Der Ahes also bring a claim under Texas Insurance Code § 541.151. Doc. 10, Am. Compl., ¶¶ 70–78. Under this statute, a person or entity "engaged in the business of insurance" may be liable to another for unfair or deceptive trade practices. Tex. Ins. Code Ann §§ 541.151, 541.002. The statute does not define what it means to be "engaged in the business of insurance." Tex. Ins. Code Ann. § 541.002.

The Von Der Ahes allege that Zippy Shell sold them an insurance policy—the Contents Protection Plan—thereby engaging in the business of insurance. Doc. 10, Am. Compl., ¶ 72. Zippy Shell argues that it merely provided claims-handling services, which does not make it an insurance provider or engaged in the business of insurance. Doc. 12, Defs.' Mot. Dismiss, 17–18. Moreover, Zippy Shell points to other cases in which courts have rejected plaintiffs' attempts to avoid preemption by re-framing an insurance-related claim against a motor carrier as a separate insurance claim. *Id.* at 14 (citing *Harris v. United Parcel Serv., Inc.*, 2015 WL 13918141, at *2 (C.D. Cal. July 9, 2015)).

Assuming without deciding that Zippy Shell engaged in the business of insurance by selling the Contents Protection Plan and that  the Texas Insurance Code provides a private cause of action against Zippy Shell for deceptive practices, the Court finds that this claim is preempted for the same reasons as the claims discussed above—lack of a separate injury.[4] *See Morris*, 144 F.3d at 382. The Von Der Ahes' claim for deceptive practices, although arising out of the Texas Insurance Code, is not materially different from the preempted DTPA claim. *Cf. Harris,* 2015 WL 13918141, at *2.

Therefore, the Court **DISMISSES WITH PREJUDICE** the Von Der Ahes' Texas Insurance Code claim.

### IV.

### CONCLUSION

In sum, for the reasons stated above, the Court **GRANTS** Zippy Shell's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 12) and **DISMISSES WITH PREJUDICE** the Von Der Ahes' claims for violation of the DTPA, breach of the Texas common law duty of good faith, and deceptive trade practices under the Texas Insurance Code, as well as for attorneys' fees based on these claims.

**SO ORDERED**.

**SIGNED: August 19, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[4] The Von Der Ahes do not respond to Zippy Shell's additional argument that the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), which ensures that a federal law does not encroach on states' authority to regulate the business of insurance, does not establish an exception to Carmack Amendment preemption for these insurance-based claims. Doc. 12, Defs.' Mot. Dismiss, 15 (citing *Prince v. United Van Lines, Inc.*, 1997 WL 53121, at *3 (N.D. Tex. Feb. 4, 1997)); *see* Doc. 10, Am. Compl.; Doc. 13, Pls.' Resp. The Court therefore does not address this argument.